## Huntzinger *versus* Brock.

1. The words, "with stay of execution until the day of payment," do not amount to an express waiver beyond that day.

2. The words, in a bond, "with stay of execution until the day of payment," do not, even after the time of payment has arrived, amount to a legal stay within the exception of the act of Oct. 13, 1857.

3. The legislature may alter or abridge the remedy for breach of a contract, provided the alteration be not so great and unreasonable as to amount to a substantial impairing of the obligation.

ERROR to the Court of Common Pleas of *Schuylkill County*,

[Huntzinger *v.* Brock.]

to the decree of the court granting defendants a stay of execution under the act of 13th Oct., 1857.

*Thomas R. Bannan,* for plaintiff in error, cited *Hoffman* v. *Danner,* 2 Har. 29 ; *Snowden* v. *Warder,* 3 R. 107 ; *Chadwick* v. *Moore,* 8 W. & S. 49 ; *Bronson* v. *Kinsie,* 1 How. 316.

*William Simpson,* for defendant in error.

STRONG, J.—The order of the court below is alleged to be erroneous, because the case is claimed to be embraced within the proviso of the act of Oct. 13, 1857. That proviso enacts that the section allowing a stay of execution " shall not apply to the wages of labor, nor to debts upon which stay of execution is expressly waived by the debtors, nor to judgments upon which stay of execution has already been taken under existing laws."

The argument of the plaintiff in error is, that stay beyond the second day of November, 1857, was waived by the words inserted in the warrant of attorney in virtue of which judgment was entered. Those words are, " with stay of execution until the day of payment and release of error." It is contended that they amount to an express waiver of any stay beyond that day. Clearly, however, they do not. If a waiver at all, they are such upon the principle, " *expressio unis exclusio alterius est,*" and that is a mere implication. But an implied waiver is not within the proviso.

Nor is this a case of a judgment upon which stay of execution had already been taken under existing laws. It is evident that the legislature referred to the statute laws then in existence and not to the law of the contract. Were it not so, the promise would be entirely unmeaning, for in every contract there can be no remedy until there has been an injury—no execution until a debt is payable. The existing laws to which the proviso refers, are the act of 1836, and its supplements, under which no stay of execution had been taken in this case.

It is next argued that if the plaintiff's case is not within the exceptions enumerated in the proviso, then the act of assembly is unconstitutional, as impairing the obligation of a contract. We do not propose to discuss this objection at length. It has repeatedly been debated in the Supreme Court of the United States as well as in this court, and the principle deducible from the decisions is that the legislature, while prohibited from impairing the obligations of a contract, may yet alter or abridge the remedy for a breach of the contract, provided the alteration be not so great and unreasonable as to amount to a substantial impairing of the contract obligations. This is the doctrine of

*Chadwick* v. *Moore,* 8 W. & S. 49, and we are not now ready to depart from it. There, a statute suspending for a year a sale on execution for less than two-thirds the appraised value, was held constitutional, though applying to a contract made before its passage. It must be admitted that the principle is indefinite, and that it may be difficult of application. It is sufficient, however, for the case now before us, that it is ruled by *Chadwick* v. *Moore.*

Order of the Court of Common Pleas affirmed.